# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

LILIYA LAKSHTANOV,

                Plaintiff,

      v.                                     Case No. 10-CV-942

LEONID LAKSHTANOV,

                Defendant.

_____

## ORDER

On October 20, 2010, the plaintiff, a resident of Grafton, Wisconsin, filed a lawsuit in this court against her ex-husband, a resident of Mequon, Wisconsin, alleging that on August 20, 2010, the defendant drove around the plaintiff's residence "taking pictures and videos of [the plaintiff], [her] children, [her] parents, and [her] residence." (Compl. at 5). However, the court is without authority to entertain the above-captioned case. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A federal court possesses "only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Id.* Federal subject matter jurisdiction is present when: (1) the claim or claims presented rest on a question of federal law, *see* 28 U.S.C. § 1331; or (2) the claim is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332. Here, there is no "diversity" jurisdiction, as the dispute is between two Wisconsin residents. As such, the only possible basis for jurisdiction is if the claim rests on a question of federal law.

The plaintiff alleges that her claim stems from a question of federal law because the defendant violated her constitutional right to privacy. The plaintiff misunderstands what her constitutional right to privacy entails. In general, with the exception of the Thirteenth Amendment's prohibition against slavery, the Constitution restricts *government* action and not the acts of private individuals. *See* LAURENCE H. TRIBE, AMERICAN CONSTITUTIONAL LAW 1688 (2d ed. 1988). The constitutional right to privacy is a product of the Fourteenth Amendment to the United States Constitution. *Griswold v. Connecticut*, 381 U.S. 479, 482 (1965). Specifically, the Fourteenth Amendment's due process clause has been broadly interpreted to include a "substantive component" that "provides heightened protection against governmental interference with certain fundamental rights and liberty interests," including privacy interests. *Doe v. Heck*, 327 F.3d 492, 519 (7th Cir. 2003). However, the plaintiff has not alleged that the *government* has intruded on her privacy interests; rather, the plaintiff has alleged that her *ex-husband* has violated her privacy. While the defendant may be liable under tort law for an "intrusion upon the plaintiff's seclusion or solitude," *see Hirsch v. S. C. Johnson & Son*, 90 Wis. 2d 379, 388-389, 280 N.W.2d 129 (1979), that remedy lies in *state* law, not federal law. Because the only federal claim asserted by the plaintiff is "wholly insubstantial and frivolous," *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316-1317 (7th Cir. 1997), the court is obliged to dismiss this case for want of jurisdiction.

Accordingly,

**IT IS ORDERED** that the above-entitled action be and the same is hereby

**DISMISSED** without prejudice for lack of subject matter jurisdiction;

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED** as moot.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge